*E-FILED - 11/10/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUCIUS OLIVER, | ) | No. C 09-3840 RMW (PR) |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL; DISMISSAL WITH LEAVE TO AMEND OR NOTIFY COURT OF INTENT TO PROCEED WITH ORIGINAL COMPLAINT |
| v. | ) | |
| WARDEN C. NOLL, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders the complaint partially dismissed and grants plaintiff leave to amend. Alternatively, plaintiff shall file a notice that he intends to proceed only with the cognizable claims discussed below.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Cognizable Claims

Plaintiff alleges that on December 26, 2005, he was denied his right to practice Al-Islam faith because defendants denied him access to the religious chapel and previously acquired Islamic study materials. (Complaint at 3C-3D.) Defendants Core, Perez, Tucker, and Noll prevented him from attending services. (Id.)

Plaintiff also alleges that on December 29, 2005, plaintiff believed defendant Gallegos tried to bait him into fighting by calling him names. (Id. at 3.) Plaintiff believes that Gallegos was trying to have plaintiff killed. (Id. at 3-3B.) Plaintiff was getting mad at the name-calling, but when plaintiff realized what was happening, he retreated and Gallegos began making disrespectful comments toward him. (Id. at 3B.)

Plaintiff further alleges that on October 17, 2006, defendants Core, Gallegos, Winlen, and another unknown lieutenant, all members of the Greenwall Gang, retaliated against petitioner for filing previously filing a complaint against Gallegos. (Id. at 3D.) Plaintiff states that these defendants conspired to allow another unnamed inmate to attack him by releasing plaintiff from segregation, knowing that other inmates had a plan to injure him. (Id. at 3D-3E.)

Plaintiff further alleges that on January 26, 2007, defendants Briseno and Meisner forced plaintiff to "perform homosexual bath house life styles" but plaintiff refused. (Id. at 3E-3F.) Plaintiff alleges that defendant Thomas gave the order to prohibit plaintiff from taking a shower in a one-man stall. (Id.)

1   Plaintiff further alleges that on June 26, 2007, defendant Campos threatened him with
2   assault and death. (Id. at 3F.) As a result, plaintiff filed a 602 complaint. After plaintiff was
3   interviewed by defendant McVay, unnamed staff told plaintiff to drop the complaint. (Id.)
4   Defendant McClelland wanted other prisoners to injure plaintiff, and defendant Campos told
5   plaintiff's cell mate that he would provide the weapon if plaintiff's cell mate agreed to assault
6   plaintiff. (Id. at 3F-3G.) Defendant Thomas instructed other prisoners to stay out of the matter
7   and plaintiff withdrew the complaint out of fear. (Id. at 3G.)

8   In addition, plaintiff claims that on October 18, 2007, defendant Campos put a hostile
9   inmate into the same cell as plaintiff with the intention that the inmate would cause plaintiff
10  harm. (Id.)

11  Plaintiff alleges that on October 21, 2007, defendant Core placed an "R" next to his name
12  in his records, the highest level, in retaliation for plaintiff having filed a complaint against her
13  and other Greenwall gang members. (Id. at 3H.) Plaintiff states that Core then gave harmful
14  information to a prisoner "snitch" to spread around the facility in an attempt to put plaintiff in
15  danger. (Id.) Defendant Navarro agreed with the placement of the "R" and then falsified an
16  informal response. (Id.) Defendant Ramos contributed to the retaliation, and defendant Warden
17  Neotti knowingly supported these acts. (Id.)

18  Plaintiff further claims that on January 10, 2008, defendant Lindsey employed defendant
19  Mejia to threaten and assault plaintiff because he filed a grievance against her. (Id. at 3I.)

20  Plaintiff states that on January 28, 2008, he was harassed and disrespected by defendant
21  Holcomb, who, with the permission of defendant Thomas, targeted and assaulted plaintiff. (Id.)
22  Defendant Boles was used to "trash" plaintiff's cell and steal his possessions. (Id. at 3J.)
23  Defendants Holcomb, Rios, McVay and Boccella took part in harassing and intimidating
24  plaintiff. (Id.) Defendant Stepp and five other unnamed gang members joined in, all for the
25  purpose of retaliating against plaintiff. (Id.)

26  Finally, plaintiff claims that on June 14, 2008, defendants Holcomb, Rios, and Thomas
27  filed false charges against him so that he would be placed in a holding cell and miss a court-
28

1 imposed deadline for filing papers. (Id. at 3K.)

2 Liberally construed, plaintiff has stated cognizable claims of cruel and unusual
3 punishment, deliberate indifference, retaliation, a violation of the Free Exercise Clause, and
4 denial of access to courts.

5 C.     Dismissed Claims

6     1.     Property

7 Plaintiff alleges that on October 13 and October 25, 2006, after plaintiff was released
8 from administrative segregation, plaintiff was instructed to report to the property room at B-
9 facility. (Complaint at 3E.) When he picked up his box of property and looked through it, he
10 discovered some of his property missing. (Id.)

11 Ordinarily, due process of law requires notice and an opportunity for some kind of
12 hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas &
13 Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional
14 deprivation of property states a due process claim under § 1983 if the deprivation was random
15 and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee
16 negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams,
17 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional
18 destruction of inmate's property). The availability of an adequate state post-deprivation remedy,
19 e.g., a state tort action, precludes relief because it provides sufficient procedural due process.
20 See Zinermon v. Burch, 494 U.S. 113, 128 (1990). California law provides such an adequate
21 post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

22 Further, plaintiff has not identified a named defendant with respect to this claim.
23 Plaintiff must establish legal liability of each person for the claimed violation of his rights.
24 Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show
25 that the defendant proximately caused the deprivation of a federally protected right. See Leer v.
26 Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice;
27 the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation
28

of protected rights. Id.  Normally, the court would dismiss this claim with leave to amend, however, based on plaintiff's proffer, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).  Accordingly, this claim is DISMISSED without leave to amend.

       2.       <u>Failure to investigate and file charges</u>

Plaintiff alleges that Monterey County District Attorney Dean Flippo and Inspector General Jon Dodson refused to charge any of the defendants with his allegations.  In addition, plaintiff states that defendant Jordan told plaintiff someone would investigate his allegations, but no one did.  (Id. at 3C.)  Plaintiff claims this violates his constitutional rights.

Whether to prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's, not the court's, discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979); Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Courts therefore generally have declined to recognize standing to bring a § 1983 action based upon the lack of prosecution of others.  Based on plaintiff's proffer, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).  Accordingly, this claim will be DISMISSED without leave to amend.

       3.       <u>Medical claims</u>

Plaintiff also describes several medical claims.  Plaintiff alleges a violation of constitutional rights occurring on April 11, 2006; August 30, 2007; September 25, 2007; January 9, 2008; and April 13, 2008.  However, plaintiff's complaint fails to include the conduct of each individual defendant that he asserts is responsible for a constitutional violation.  Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

1    District courts must afford pro se prisoner litigants an opportunity to amend to correct
2 any deficiency in their complaints. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
3 banc). Here, plaintiff must specifically identify what each named defendant did or did not do in
4 order to state a claim with regard to each claim. Plaintiff must establish legal liability of each
5 person for the claimed violation of his rights. Liability may be imposed on an individual
6 defendant under section 1983 if the plaintiff can show that the defendant proximately caused the
7 deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.
8 1988). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth
9 specific facts as to each individual defendant's" deprivation of protected rights. Id.
10 Accordingly, the court will DISMISS these claims with leave to amend to allege any medical
11 claims, if he can do so in good faith.
12    Plaintiff will be given leave to amend the complaint to cure these deficiencies.
13 Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty (30)**
14 **days** of the date this order is filed, to address the deficiencies set forth above. In the alternative,
15 **within thirty (30) days** of the date this order is filed, plaintiff may file a notice with the court
16 stating that he intends to proceed with the cognizable claims in the original complaint. Because
17 an amended complaint completely replaces the original complaint, plaintiff must include in it all
18 the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
19    4.   Administrative appeals claims
20    Plaintiff alleges defendants Variz, Grounds, Thomas, Grannis, Jones and Medina failed to
21 properly respond to and process plaintiff's administrative appeals and complaints. Such
22 allegations fail to state a claim for relief. There is no constitutional right to a prison
23 administrative appeal or grievance system; consequently, a prison official's failure to process
24 grievances is not actionable under § 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
25 2003). Further, while a prisoner retains a First Amendment right to petition the government for
26 redress of grievances as to the constitutional claim underlying an administrative grievance, he
27 possesses no constitutional right to a response to his grievance from prison officials. See Flick v.
28

1  Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding prisoner's First Amendment right of access to
2  courts is not compromised by prison's refusal to entertain grievance).  Although the court
3  generally grants leave to amend, here plaintiff has no cognizable due process claim for failure to
4  follow proper regulations and policies in processing his administrative appeal.  Nor has plaintiff
5  alleged a cognizable claim of denial of access to the courts, because he has been able to pursue
6  his legal claims by filing the instant complaint.  Accordingly, plaintiff's claim that his grievances
7  or complaints were not processed or responded to will be DISMISSED without leave to amend.

8  D.     Dismissed Named Defendants

9         Defendants Jordan, Reamer, Fleicher, Grounds, Burgh, Makela, Ramirez, CCII Ramos,
10 Grannis, Flippo, Craft, Stryker, Gate, and Dodson are DISMISSED from this action.  Plaintiff
11 fails to assert any allegations against them other then listing their names in the "defendants"
12 section of his complaint.  Absent any cognizable claims of wrongdoing, defendants Flippo,
13 Dodson, Grounds, Grannis, Medina are DISMISSED from this action for the reasons stated in
14 Sections C2 and C4, infra.  If plaintiff can in good faith allege facts to cure the pleading
15 deficiency he may add this information to his amended complaint.

16 E.     Dismissed Doe Defendants

17        Plaintiff names several "unidentified" defendants in his complaint.  The use of "Doe"
18 defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th
19 Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the
20 filing of a complaint the plaintiff should be given an opportunity through discovery to identify
21 them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v.
22 Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

23        Accordingly, Doe defendants are DISMISSED from this action without prejudice.
24 Should plaintiff learn the identity of any Doe defendants through discovery, he may move to file
25 an amendment to the complaint to add the individuals as named defendants.  See Brass v.
26 County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

27 ///

28

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's claims regarding destroyed property, failure to investigate and file charges, and administrative appeals are DISMISSED without leave to amend for failure to state a claim.

2. Plaintiff's medical claims are DISMISSED with leave to amend.

3. Defendants Jordan, Reamer, Fleicher, Grounds, Burgh, Makela, Ramirez, CCII Ramos, Grannis, Flippo, Craft, Stryker, Gate, and Dodson are DISMISSED without prejudice. "Doe" defendants are DISMISSED without prejudice.

4. Plaintiff shall file an amended complaint **within thirty (30) days** from the date this order is filed. **In the alternative**, **within thirty (30) days** from the date this order is filed, plaintiff may file a notice with the court stating that he intends to proceed with the cognizable claims in the original complaint.

An amended complaint must include the caption and civil case number used in this order (C 09-3840 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all of his claims, including the cognizable claims set forth above, in the amended complaint. **Failure to file an amended complaint or file a notice with the court in compliance with this order within the designated time will result in the court proceeding with the cognizable claims in the original complaint as stated in this order.**

5. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v.

Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

6.  It is the plaintiff's responsibility to prosecute this case. Plaintiff's must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge