*E-FILED - 9/30/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUCIUS OLIVER, ) | No. C 09-3840 RMW (PR) |
| ) Plaintiff, ) | ORDER GRANTING MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND |
| v. ) | |
| WARDEN C. NOLL, et al., ) | (Docket No. 56) |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 10, 2009, the court conducted a preliminary screening of plaintiff's complaint and dismissed several claims and defendants from this action. On December 9, 2009, the court served the complaint which alleged cognizable claims of cruel and unusual punishment, deliberate indifference, retaliation, a violation of the Free Exercise Clause, and denial of access to courts. On February 12, 2010, defendants filed a motion to dismiss this complaint, plaintiff has filed an opposition, and defendants have filed a reply.

**DISCUSSION**

In his complaint, plaintiff alleges that defendants violated his constitutional rights at various times between December 2005 and June 2008. The complaint raises claims against the following defendants: Correctional Officer Gallegos, Sergeant J. Perez, Captain A. Tucker, Chief Deputy Warden Noll, Lietenant R. Boccella, Correctional Officer Briseno, Chief Deputy

1  Warden G. Neotti, Correctional Officer Ms. Meisner, Correctional Officer Ms. Romos,
2  Correctional Officer C. Holcomb, Correctional Officer Boles, Correctional Officer McClelland,
3  Sergeant Stepp, Sergeant Thomas, Correctional Officer Campos, Sergeant McVay, Medical
4  LVN Lindsey, Correctional Officer Meiia, CCII T. Variz, and CCI Navarro, Correctional Officer
5  Winlen, and Correctional Officer Rios, Lieutenant Core and Correctional Officer Meisner.[1]

Defendants move to dismiss the complaint on the grounds that plaintiff has failed to provide a short and plain statement under Federal Rule of Civil Procedure 8(a) and to properly join claims and defendants under Federal Rules of Civil Procedure 18(a) and 20(a).[2] Defendants argue that the complaint must be dismissed under Rule 18(a) because plaintiff has combined unrelated claims in a "buckshot complaint," which is not permitted. (Mot. at 8.) Additionally, defendants contend the complaint must be dismissed under Rule 20(a) because all of plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions and occurrences, and do not raise common questions of law or fact. (Id. at 9-10). In opposition to the motion, plaintiff argues the claims and defendants are properly joined and related because they acted together in a conspiracy. Defendants respond that the plaintiff did not allege a cognizable claim of conspiracy in his complaint, and reiterate that the claims concern events diverse in time involving separate parties.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "any right to relief is asserted

---

[1] On May 20, 2010, defendants Meisner, Winlen, and Lindsey were dismissed under Federal Rule of Civil Procedure 4(m).

[2] Because the court agrees with defendants' argument on misjoinder, the court will not address their argument regarding plaintiff's failure to provide a short and plain statement of the claims.

Order Granting Motion to Dismiss; Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Oliver840dwla2.wpd     2

against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way – that is, if there is not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id.

In plaintiff's complaint, the court found cognizable five different claims involving ten separate incidents and distinct sets of defendants. For example, plaintiff alleges that on December 26, 2005, Gallegos planned with an unknown defendant to have plaintiff murdered. Plaintiff also alleges that on October 18, 2007, Campos intentionally placed a hostile inmate into the same cell with plaintiff in the hope that the inmate would harm plaintiff. In addition, plaintiff alleges that on January 10, 2008, Lindsey coerced Mejia to assault plaintiff because he had filed a grievance against her. Unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[3] 28 U.S.C. § 1915(g).

Plaintiff's complaint does not meet the requirements of Rules 18(a) and 20(a), and, therefore, defendants' motion to dismiss is granted. Plaintiff, however, is granted leave to file an amended complaint that cures the noted pleading deficiencies. In particular, plaintiff may file either (1) a complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more claims against multiple defendants, but only if those defendants can be properly joined under Rule 20(a)(2). In order to bring multiple claims in

---

[3] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. § 1915(a),(g).

1 a single lawsuit, plaintiff must demonstrate that the Federal Rules of Civil Procedure permit the
2 claims to be brought in a single lawsuit. Plaintiff must demonstrate how his right to relief arose
3 out of the same "transaction, occurrence, or series of transactions." Plaintiff may, if he so
4 chooses, file a separate action or actions raising the claims that he does not include in any
5 amended complaint he files in the instant action. Any further attempt to raise unrelated claims
6 against different defendants in a single lawsuit may result in all claims being dismissed. Should
7 plaintiff fail to comply with this order, the action will be dismissed without prejudice.

## CONCLUSION

1. Defendants' motion to dismiss is hereby GRANTED.

2. Within **thirty (30)** days of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 09-3840 RMW (PR), and the phrase "AMENDED COMPLAINT." <u>If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed without prejudice.</u>

Because an amended complaint completely replaces previous complaints, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates docket no. 56.

DATED: 9/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Motion to Dismiss; Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Oliver840dwla2.wpd    4