*E-FILED - 2/15/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUCIUS OLIVER, | ) | No. C 09-3840 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) ) | |
| WARDEN C. NOLL, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 10, 2009, the court conducted a preliminary screening of plaintiff's complaint and dismissed several claims and defendants from this action. On December 9, 2009, the court served the complaint which alleged cognizable claims of cruel and unusual punishment, deliberate indifference, retaliation, a violation of the Free Exercise Clause, and denial of access to courts. On February 12, 2010, defendants filed a motion to dismiss this complaint. On September 30, 2010, the court granted defendants' motion to dismiss and dismissed the complaint with leave to amend. On November 2, 2010, plaintiff filed an amended complaint. For the reasons stated below, the court dismisses several defendants and serves the cognizable claims on the remaining defendants.

**DISCUSSION**

In his amended complaint, plaintiff alleges that on December 29, 2005, defendant

1  Gallegos engaged in conspiracy to murder him.  He persuaded the unnamed control booth officer
2  to open plaintiff's cell door during inmate count, for the purpose of shooting and killing the
3  plaintiff after trying to coerce him out of his cell.  Gallegos challenged plaintiff to fight and
4  engaged in taunting and threatening behavior to entice him to exit his cell.  Plaintiff started to
5  come out of his cell when he noticed the unnamed control booth officer pointing an M-14 rifle at
6  him, and Gallegos standing just out of the way, giving him a clear shot of plaintiff.  Plaintiff
7  retreated, and Gallegos became louder, more degrading, and more threatening in an attempt to
8  draw plaintiff out of his cell.  Plaintiff alleges that Gallegos constantly threatened, harassed, and
9  terrorized him.  Although  allegations of verbal harassment and abuse fail to state a cognizable
10 claim under 42 U.S.C. § 1983, see Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997),
11 harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel
12 and unusual punishment may indeed present a claim cognizable under § 1983.  See Hudson v.
13 Palmer, 468 U.S. 517, 528-30 (1984).  Liberally construed, plaintiff has stated a cognizable
14 claim of a violation of his Eighth Amendment right to be free from cruel and unusual punishment
15 against Gallegos.

16      Plaintiff also alleges that defendants Variz and Medina failed to process his various
17 administrative appeals regarding this incident and instead, failed to protect him even after they
18 learned about his complaints.  Plaintiff also asserts that defendant Lt. Gary Jordan failed to
19 investigate his claims and instead, persuaded staff to "place more pressure" on plaintiff.  While
20 there is no constitutional right to a prison administrative appeal or grievance system, see
21 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), allegations in a pro se complaint sufficient
22 to raise an inference that the named prison officials acted with deliberate indifference – i.e, that
23 they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by
24 failing to take reasonable measures to abate it – states a "failure-to-protect" claim.  See Hearns v.
25 Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).  Liberally construed, plaintiff has stated a
26 cognizable claim of a failure to protect against Variz, Medina, and Jordan.

27      Plaintiff also names Monterey County District Attorney Dean D. Flippo and Supervising
28

1  District Attorney Gary A. Craft as defendants, claiming that after Flippo learned of the
2  allegations against Gallegos and other unnamed defendants, Flippo chose not to investigate or
3  prosecute.  As the court stated in its initial order of service, courts have generally declined to
4  recognize standing to bring a section 1983 action based upon the lack of prosecution of others.
5  Further, prosecutors are also entitled to absolute immunity for the decision not to prosecute.  See
6  Botello v. Gammick, 413 F.3d 971, 977 (9th Cir. 2005).  Accordingly, defendants Flippo and
7  Craft are DISMISSED.

8        Plaintiff further names Correctional Officer Winlen.  However, plaintiff's only allegation
9  against Winlen is that he made a comment to plaintiff in a threatening manner.  As stated above,
10 harassment and verbal threats are not enough to state a cognizable claim for relief.  Thus,
11 defendant Winlen is DISMISSED.  Finally, Plaintiff names Chief Deputy Warden G. Neotti and
12 N. Grannis in the caption of his amended complaint as defendants, however, plaintiff does not
13 allege actions or inactions of either defendant in the body of his complaint.  Therefore, both
14 Neotti and Grannis are DISMISSED.

## CONCLUSION

16   1.    Defendants Flippo, Craft, Winlen, Neotti, and Grannis are DISMISSED.
17   2.    The clerk shall issue a summons and the United States Marshal shall serve,
18 without prepayment of fees, copies of the complaint in this matter (docket no. 78), all
19 attachments thereto, and copies of this order on **CCII E. Medina** and **Lt. Gary Jordan** at
20 **Salinas Valley State Prison**.  Defendants Gallegos and Variz have already been served and are
21 represented by counsel.  The clerk shall also serve a copy of this order on plaintiff and mail a
22 courtesy copy of the complaint to the California Attorney General's Office.
23   3.    No later than **ninety (90) days** from the date of this order, defendants shall file a
24 motion for summary judgment or other dispositive motion with respect to the cognizable claims
25 for failure to protect, retaliation, and sexual orientation discrimination in the complaint.
26       a.    If defendants elects to file a motion to dismiss on the grounds that plaintiff
27 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Oliver840srv2.wpd    3

1  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

2  F.3d 1108, 1119-20 (9th Cir. 2003).

3        b.    Any motion for summary judgment shall be supported by adequate factual

4  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

5  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

6  **qualified immunity found, if material facts are in dispute.  If any defendants are of the**

7  **opinion that this case cannot be resolved by summary judgment, they shall so inform the**

8  **court prior to the date the summary judgment motion is due.**

9      4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

10  served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

11        a.    In the event defendants file an unenumerated motion to dismiss under

12  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Oliver840srv2.wpd    4

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

This order terminates docket no. 81.

IT IS SO ORDERED.

DATED: 2/14/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Oliver840srv2.wpd                5