IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUCIUS OLIVER, | ) | No. C 09-3840 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANTS' |
| v. | ) ) | MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| C. NOLL, Warden, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 90, 95) |

Plaintiff, a California state prisoner, proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Silicon Valley State Prison. Defendants have moved to dismiss for failure to exhaust administrative remedies. Plaintiff has filed an opposition. Defendants have filed a motion for extension of time to file a reply, and their reply. Defendants' motion is GRANTED. Defendants' reply is deemed timely. Having carefully considered the papers submitted, the court hereby DENIES defendants' motion to dismiss.

**DISCUSSION**

A. <u>Legal Standard</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under

1 § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving
2 the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding
3 a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the
4 pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the
5 prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without
6 prejudice. Id. at 1120.

7     The State of California provides its prisoners and parolees the right to appeal
8 administratively "any departmental decision, action, condition or policy perceived by those
9 individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order
10 to exhaust available administrative remedies within this system, a prisoner must proceed through
11 several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602
12 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third
13 level appeal to the Director of the California Department of Corrections and Rehabilitation
14 ("Director"). See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code
15 Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the
16 exhaustion requirement under § 1997e(a). See id. at 1237-38.

17     Defendants have the burden of raising and proving the absence of exhaustion, and
18 inmates are not required to specifically plead or demonstrate exhaustion in their complaints.
19 Jones v. Bock, 549 U.S. 199, 215-17 (2007). A movant claiming lack of exhaustion must
20 demonstrate that pertinent relief remains available, whether at unexhausted levels or through
21 awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422
22 F.3d 926, 936-37 (9th Cir. 2005).

23 B.     Analysis

24     In plaintiff's amended complaint, he alleges that defendant Gallegos attempted to kill
25 him, and defendants Variz, Medina, and Jordan failed to protect him, even after they learned
26 about his complaint, by failing to process several administrative appeals in which he raised that
27 claim. Defendants move to dismiss this action, arguing that plaintiff has not exhausted his
28 administrative appeals with regard to the allegation that Gallegos tried to kill him on December

29, 2005.

Defendants submit evidence that Appeals Coordinators Medina and Variz – two of the defendants in this action – never received any inmate appeal from plaintiff regarding the underlying claim against Gallegos.[1]  Defendants also note that, between 2005 and 2010, plaintiff filed 43 administrative appeals, which indicates that plaintiff understood the administrative appeals process.

Plaintiff submits that he attempted to file four grievances regarding Gallegos' attempted murder, but each grievance was ignored.  Specifically, he states that he attempted to file an administrative appeal on the night of the incident – December 29, 2005.  (Amended Compl. at 3C.)   Then, after not receiving any response, plaintiff re-filed his administrative appeal with Appeals Coordinators Variz and Medina several times thereafter, on January 30, 2006, February 14, 2006, March 30, 2006, and April 19, 2006.  (Id. at 3D.)  Plaintiff's opposition states the same.[2]  Plaintiff also argues that he attempted to file complaints with several different agencies regarding his claim, but did not receive a response until February 2006.  (Id. at 3C; Opp. at 2-3.)

"[W]hile the absence of evidence that a grievance was officially filed may indicate [that] Plaintiff never submitted the grievance, it may also indicate that the grievance was discarded or ignored by staff, as Plaintiff contends."  Buchanan v. Santos, 2010 WL 1267353, *5 (E.D. Cal. Mar. 31, 2010); see Spence v. Director of Corr., 2007 WL 61006, *3 (E.D. Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528 (E.D. Cal. Mar. 6, 2007).

---

[1] Although defendants' motion generally argues that plaintiff's claims are unexhausted, defendants appear only to specifically argue that plaintiff's claim against Gallegos is unexhausted.

[2] Like a verified complaint, a verified motion functions as an affidavit. See Johnson v. Meltzer, 134 F.3d 1393, 1400 (9th Cir. 1998).  However, plaintiff's opposition is not sworn under penalty of perjury.  Nevertheless, in light of plaintiff's pro se status, the court assumes for purpose of resolving the instant motion, that the declaration was properly sworn.  Because the opposition merely supports what plaintiff states in his amended complaint, even if the opposition was rejected as evidence, the motion would still be denied.

1    The PLRA requires that an inmate exhaust such administrative remedies "as are
2 available." 42 U.S.C. § 1997e(a). As the Ninth Circuit has repeatedly reiterated, the PLRA does
3 not require exhaustion when circumstances render administrative remedies "effectively
4 unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). If employees of a facility
5 prevent the filing of a grievance or the inmate's ability to exhaust administrative remedies, the
6 exhaustion requirement may be "unavailable" and defendants estopped from raising
7 non-exhaustion as an affirmative defense. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th
8 Cir. 2002). Courts have repeatedly held that an administrative remedy becomes "unavailable"
9 for purposes of the exhaustion requirement if prison officials do not respond to a properly filed
10 grievance or if they otherwise use affirmative misconduct to thwart a prisoner's attempts to
11 exhaust. See e.g., Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Brown v. Valoff, 422
12 F.3d 926 n.18 (9th Cir. 2005); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding
13 allegations that prison officials failed to respond to his written requests for grievance forms were
14 sufficient to raise an inference that the prisoner had exhausted his "available" administrative
15 remedies).

16    Plaintiff's amended complaint, signed under penalty of perjury, alleges that he filed a
17 timely grievance form and also resubmitted the grievance at least four times when he did not
18 receive a response. "In a situation such as this in which the parties offer differing versions of
19 events based on competing declarations, the issue is one of witness credibility and the court
20 cannot make that requisite assessment on a motion to dismiss." Buchanan, 2010 WL 1267353,
21 *5 (E.D. Cal. Mar. 31, 2010). Thus, at this stage of the proceedings, the court is compelled to
22 accept plaintiff's allegations that he attempted to exhaust his administrative remedies but was
23 thwarted in doing so by defendants.

24    Defendants' motion to dismiss is DENIED without prejudice.

## CONCLUSION

26    For the reasons stated above, the court orders as follows:

27    1.    Defendants' motion to dismiss for failure to exhaust is DENIED without
28 prejudice.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment with respect to the claims found to be cognizable, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendants' motion is filed.

In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

1  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

2  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

3  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4    4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

5  opposition is filed.

6    5. The motion shall be deemed submitted as of the date the reply brief is due.  No

7  hearing will be held on the motion unless the court so orders at a later date.

8    6. All communications by the plaintiff with the court must be served on defendants'

9  counsel by mailing a true copy of the document to defendants' counsel.

10    7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11  No further court order is required before the parties may conduct discovery.

12    8. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

13  and all parties informed of any change of address and must comply with the court's orders in a

14  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

15  pursuant to Federal Rule of Civil Procedure 41(b).

16    IT IS SO ORDERED.

17  DATED: _____  /s/ Ronald M. Whyte

18      RONALD M. WHYTE
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES LUCIUS OLIVER,

        Plaintiff,

  v.

CHIEF DEPUTY WARDEN et al,

        Defendant.

Case Number: CV09-03840 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Lucius Oliver P-11301
Soledad State Prison (C.T.F.) North
Facility B, Lassen A, 116 Lower
P.O. Box 705
Soledad, CA 93960

Dated: November 17, 2011

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk