IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUCIUS OLIVER, | ) | No. C 09-3840 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | TO DISMISS; DISMISSAL |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| WARDEN C. NOLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss. Plaintiff has not filed an opposition. For the reasons stated below, the court GRANTS defendants' motion to dismiss, and DISMISSES plaintiff's amended complaint with leave to amend.

**BACKGROUND**

In the amended complaint, plaintiff alleges that on December 29, 2005, defendant Correctional Officer Gallegos violated prison policy in an attempt to murder plaintiff. (Am. Compl. at 3.) On that day, Gallegos had the control booth officer open up plaintiff's cell door during an inmate count, and coerced plaintiff out of his cell by challenging him to a fist fight, taunting him, calling him names, and yelling at him. (Id.) Plaintiff began to get angry at Gallegos and exited his cell. (Id.) When plaintiff reached his cell door, plaintiff noticed the control booth officer pointing his rifle at plaintiff, and Gallegos was standing just out of the way

1  of the rifle to give the officer a clear shot of plaintiff.  (Id. at 3B.)  Plaintiff re-entered his cell, at
2  which time, Gallegos became louder and more disrespectful.  Plaintiff alleged that Gallegos and
3  the control booth officer violated the Eighth Amendment in their attempt to kill him.  Plaintiff
4  further alleged that defendants Variz and Medina failed to process his administrative appeals
5  complaining about this incident, and otherwise, failed to protect him.

## DISCUSSION

Defendants argue that plaintiff's claims should be dismissed because: (1) the amended complaint fails to state a claim, and (2) they are entitled to qualified immunity.

I.  Failure to State a Claim

  A.  Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'  Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe pro se pleadings liberally, Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010).

In ruling on a Rule 12(b)(6) motion, federal courts are particularly liberal in construing allegations made in pro se civil rights complaints.  See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  Further, the court must give a pro se litigant leave to amend his complaint

"unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

B.     Analysis

Defendants move to dismiss the complaint for failure to state a claim. A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. See Berg, 794 F.2d at 459; see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Further, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). However, in Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), the court distinguished the general rule that "verbal harassment . . . does not violate the Eighth Amendment," and suggested that evidence of something more that was "calculated to and did cause [] psychological damage" might be sufficient to state a claim

for a constitutional violation.  Moreover, in <u>Parker v. Asher</u>, 701 F. Supp. 192, 194-95 (D. Nev. 1988), the court found that the inmate stated a cognizable Eighth Amendment claim when he alleged that a prison official pointed a loaded taser gun at the inmate because that action was more than a "mere naked threat."  A threat of deadly force made merely to inflict gratuitous fear and punishment when the party has both the opportunity to carry out the threat and evidences the intent to do so does state a cognizable claim under the Eighth Amendment.  See <u>Northington v. Jackson</u>, 973 F.2d 1518, 1523 (10th Cir. 1992) (pointing gun at inmate's head and threatening to shoot amounts to cognizable Eighth Amendment claim); <u>Burton v. Livingston</u>, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language states first amendment, due process and equal protection claims).

      Taking plaintiff's allegations as true as the court required to do, plaintiff claims that Gallegos intentionally taunted and angered plaintiff in an attempt to lure plaintiff out of his cell in order to engage in a fight, while Gallegos had another officer ready with his firearm to shoot plaintiff.  "[T]he issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  Here, plaintiff makes conclusory characterizations of Gallegos' behavior, stating that Gallegos engaged in "taunting, degrading, and threatening behavior," however, plaintiff's description of Gallegos' "behavior" does not give rise to an inference that any "comments were unusually gross even for a prison setting and were calculated to and did cause him psychological damage."  <u>Keenan</u>, 83 F.3d at 1092; <u>see, e.g.</u>, <u>Northington</u>, 973 F.2d at 1523; <u>Parker</u>, 701 F. Supp at 194-95.  As the amended complaint stands, plaintiff has failed to state a cognizable claim against Gallegos for deliberate indifference.  However, because it is possible for plaintiff to cure this deficiency by alleging sufficient facts to support his claim, plaintiff will have an opportunity to amend his amended complaint.

      Regarding defendants Variz and Medina, taking plaintiff's allegations as true, plaintiff claims that he sent in administrative appeals to defendants Variz and Medina on four different occasions stating that he was afraid for his life.  (Am. Compl. at 3D.)  Plaintiff alleges that each grievance disappeared after submission, and each complaint was ignored.  (<u>Id.</u>)  Plaintiff claims

that Variz and Medina have read many complaints regarding staff abuse and brutality yet do nothing to remedy the situation. Plaintiff's amended complaint accuses Variz and Medina from not only failing to process his appeals, but he also intimates that they actively prohibited his appeals regarding Gallegos' actions from being heard.

As the court stated in its previous order, there is no constitutional right to a prison administrative appeal or grievance system. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). An incorrect decision on an administrative appeal or a failure to handle it in a particular way does not amount to a violation of a plaintiff's constitutional rights. In addition, even assuming that plaintiff's claim against Gallegos stated a cognizable claim, plaintiff does not allege that Variz or Medina inferred or otherwise knew that Gallegos had posed a substantial risk of harm to plaintiff prior to the incident. <u>See</u> <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). Moreover, plaintiff's statements that he filed other administrative appeals (presumably against the unnamed "Green Wall" prison officials) that were ignored are conclusory allegations. Thus, a reasonable inference cannot be drawn that Variz or Medina are liable for failing to protect plaintiff against unspecified dangers threatened by unspecified prison officials. As the claim currently stands, plaintiff has failed to state a cognizable claim against Variz and Medina. However, because it is possible for plaintiff to cure this deficiency by alleging sufficient facts to support his claim, plaintiff will have an opportunity to amend his amended complaint.[1]

Defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 09-3840 RMW (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff

---

[1] Because the court dismisses the complaint, it is unnecessary to address defendants' argument for qualified immunity.

1  may not incorporate material from the prior complaint by reference.  If plaintiff files a second
2  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
3  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file a**
4  **second amended complaint within thirty days and in accordance with this order will result**
5  **in a finding that further leave to amend would be futile, and dismissal of this action.**

6        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
7  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
8  in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
9  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
10 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

11       4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
12 court informed of any change of address by filing a separate paper with the clerk headed "Notice
13 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
14 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
15 of Civil Procedure 41(b).

16      IT IS SO ORDERED.
17 DATED: ÎÐÐFG

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
18 United States District Judge

Order Granting Motion to Dismiss; Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.09\Oliver840mtd2.wpd      6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES LUCIUS OLIVER,

        Plaintiff,

  v.

CHIEF DEPUTY WARDEN et al,

        Defendant.

Case Number: CV09-03840 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Lucius Oliver P-11301
Soledad State Prison (C.T.F.) North
Facility B, Lassen A, 116 Lower
P.O. Box 705
Soledad, CA 93960

Dated: June 5, 2012

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk